**COMP**
**MICHAEL MEE, ESQ.**
Bar No. 13726
400 S. 4th Street
Las Vegas NV 89101
E-mail: mmee@defenselawyervegas.com
Phone: 702-990-0190
Fax: 702-442-9616
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## LAS VEGAS, NEVADA

REGINA MCINTYRE, an individual, and REGINA MCINTYRE, acting on behalf of THE ESTATE OF JAMES CHATIEN, deceased,

　　　　　　　Plaintiffs,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, THE STATE OF NEVADA, CLARK COUNTY SHERIFF'S OFFICE, CLARK COUNTY DETENTION CENTER, THE CITY OF LAS VEGAS, Individual DOES 1 Through 10, Corporate DOES 1 Through 10,

　　　　　　　Defendants.

Case No.:

## <u>COMPLAINT</u>

COMES NOW, Plaintiffs, REGINA MCINTYRE, in her individual capacity, and REGINA MCINTYRE, on behalf of THE ESTATE OF JAMES CHATIEN, deceased, by and through counsel MICHAEL MEE, ESQ. per, and for their causes of action against Defendants above named, complains and alleges as follow

1

## PARTIES

1. Plaintiff brings this case pursuant to 42 U.S.C. § 1983, 1988, and Nevada state law. Jurisdiction is based upon 28 U.S.C. § 1331, 1343. Supplemental jurisdiction exists over any state claims and Defendants pursuant to 28 U.S.C. § 1367.

2. This claim arises from the acts of those defendants, against Plaintiffs, as took place within the County of Clark, State of Nevada, therefore the United States District Court of Nevada, Las Vegas, is the appropriate venue.

3. That at all times mentioned herein, Plaintiffs, REGINA MCINTYRE ("MCINTYRE") was as resident of Clark County, Nevada and/or availed himself of that jurisdiction by his personal presence at the time of these events.

4. That JAMES CHATIEN was the son of REGINA MCINTYRE, who also files this suit on behalf of THE ESTATE OF JAMES CHATIEN, who is deceased., but who was a resident of Clark County, Nevada at the time of his death.

5. That LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Defendant, is a Law Enforcement Organization Operating in Clark County, Nevada and the City of Las Vegas, Nevada.

6. THE STATE OF NEVADA is a State of the United States of which Clark County is a subdivision of the State.

7. That the City of Las Vegas is a duly organized City located within the County of Clark, State of Nevada.

8.  That CLARK COUNTY SHERIFF'S OFFICE is a subdivision of Clark County, State of Nevada, operating in Clark County.

9.  That CLARK COUNTY DETENTION CENTER is a jail facility located in Clark County Nevada run and operated by the Las Vegas Metropolitan Police Department.

10. The identities, capacities, and/or nature of the involved DOE DEFENDANTS 1 through 10 ("Doe Defendants") are presently unknown to Plaintiffs. Plaintiffs therefore sue such persons using "Does" as fictitiously-named. defendants. Plaintiffs is informed and believes, and there upon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions., and or breaches of duty alleged below.

11. The identities, capacities, and/or nature of the involved ROE CORPORATE DEFENDANTS 1 through 10 ("Roe Defendants") are presently unknown to Plaintiffs. Plaintiffs therefore sue such persons using "Roes" as fictitiously-named defendants. Plaintiffs is informed and believes, and there upon alleges that there is likely to be evidentiary support to prove that each Roe Defendant was involved in some manner and legally responsible for the acts, omissions., and or breaches of duty alleged below.

12. All the facts, acts, omissions, events and circumstances herein mentioned and described occurred in Clark County, State of Nevada, and the Defendants and

each of them are residents of the same, and/or have their principle place of employment/business in said County and State, and or were doing business in said County and State.

13.    Plaintiff is informed, believes, and alleges that all Defendants were at all times relevant to this Complaint acting within the course and scope of their employment, under color of law, and Defendants' actions were known to each other, and to the Defendants, State, and Organization(s), through their policy makers, decision makers, officials, officers, and/or supervisors, including Defendants named herein and DOE Defendants to be identified.

14.    Plaintiff is informed and believes that officials, supervisors, policy makers, and other individuals with the authority to modify county, state, or departmental policy of the Defendants, and/or DOE Defendants, participated in, approved of, or ratified and/or failed to prevent the acts by all Defendants and DOE Defendants of which Plaintiffs complains herein.

15.    Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants - including officials, supervisors, watch commanders, and other policymakers from Defendants and/or Doe Defendants and their agents - was the agent, employee, or co-conspirator of one another, some, or all of their Co-Defendants. Plaintiffs is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive

Plaintiffs of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein.

16. That each and all of the things done by each Defendant against Plaintiffs, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiffs' expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a de facto policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS COMMON TO ALL CAUSES OF ACTION

17. That Plaintiffs repeats and realleges and incorporates all prior allegations as if set forth fully herein.

18. That Defendants are plead against collectively because until discovery occurs in this matter, it cannot be known which individuals acting on behalf of which Defendant entity directly in engaged in the alleged actions, however the Complaint presently alleges that Defendants are collectively responsible as set forth herein.

19. Defendants are the organizations responsible for the management, training, supervision, organization, and direction of the DOE Individual defendants to be determined.

20.    That Plaintiffs Regina McIntyre is a resident of Las Vegas Clark County, Nevada.

21.    That McIntyre is the mother of James Chatien.

22.    That James Chatien was accused of a crime charged in Las Vegas Justice Court and that as a result he was to be housed in Clark County Detention Center.

23.    That on October 18, 2022 Chatien was housed in Clark County Detention Center.

24.    That on, around, or before that date, a decision was made by Defendants to house Chatien with another inmate named Lee Johnson.

25.    That at the time this decision was made, the Defendants knew or reasonably should have known that Lee Johnson was a dangerous individual who presented an imminent danger to James Chatien.

26.    That at the time this decision was made, the Defendants knew or reasonably should have known that Lee Johnson was an individual suffering from severe mental health issues, including but not limited to schizophrenia or violent psychosis, which presented an imminent danger to the life of James Chatien.

27.    That on October 18, 2022, a cell light was activated in the Chatien and Johnson cell, indicating an immediate need for help.

28.    That on that date, two minutes later, a corrections officer deactivated the light without verifying the safety of James Chatien.

29.    That the light calling for help was activated from the cell once more at 1:53 p.m.

30.    That Defendants did not further respond until 2:04 p.m.

31.    That Defendants upon arrival did not see Chatien in the cell and called for help.

32.    That Defendants entered the cell and saw Chatien with blood around his head and determined that Johnson had beat Chatien to death.

33.    That Defendants knew prior to this date that On Oct. 7, police stopped Johnson as he was attempting to cross the street near Maryland Parkway and Desert Inn Road for failing to obey the walk signal, records showed. Johnson then began fighting with several officers, a report said.

34.    That on October 7, 2022 Johnson then fought with another officer before being placed in a cruiser and banging his weapon on the window, police said.

35.    That Defendants knew in 2017, Johnson was accused of beating another inmate inside the jail's booking area, records showed. His record includes several prior felonies and misdemeanors.

36.    That based upon this and other prior knowledge known to the Defendants, the Defendants knew or reasonably should have known that Johnson presented an immediate threat to the life of Chatien.

37.    That because of the foreseeable consequences of the decisions of the Defendants, Chatien was killed by Johnson.

38.    That Plaintiffs McIntyre is a survivor of her son and lost the benefit of his life and companionship as a result of this incident.

39. That prior to his death Chatien suffered pain, injury, bodily harm, mental anguish and suffering.

40. That Plaintiffs McIntyre continues to suffer and endure substantial pain and suffering as a result of these events, including ongoing mental anguish.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. 1983 – cruel and unusual punishment; deliberate indifference to safety and present dangers to life)

41. Plaintiffs incorporates all prior allegations as if set forth fully herein.

42. This cause of action arises under 42 USC 1983, wherein Plaintiffs seeks to redress a deprivation, under color of law, of his rights, privileges, immunities, secured to him by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

43. Plaintiff incorporates by reference and realleges each allegation made in all the paragraphs of this complaint as if fully alleged in this claim.

44. In committing the acts and omissions alleged herein, Defendants were deliberately indifferent to the serious safety and medical needs of James Chatien, which caused unnecessary and wanton infliction of pain and physical injury to Mr. Chatien, resulting in his death on October 18, 2022.

45. By failing to properly screen, train, supervise, and/or discipline its personnel, Defendants subjected Chatien to unnecessary and wanton infliction of pain and physical injury, resulting in his death, thereby violating his rights under the

Eighth Amendment of the United States Constitution, when they knowingly placed Chatien in a cell at Clark County Detention Center with a known psychotic and violent individual.

46. By authorizing, ratifying, and/or condoning the acts and omissions of their employees, the Defendant Organizations subjected James Chatien to the unnecessary and wanton infliction of pain and physical injury, resulting in his death, thereby violating his rights under the Eighth Amendment of the United States Constitution.

47. The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified, and carried out by Defendants, resulting in delayed and denied medical care, failure to provide a safe place of detention, and knowingly placing Chatien into a situation of immediate danger.

48. The wanton and callous disregard of James Chatien's obvious and known serious medical needs, safety needs, and needs for immediate protection, all caused the premature death of James Chatien. All Defendants subjected Chatien to cruel and unusual punishment, in violation of his rights under the Eighth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Wrongful Death)

49. Plaintiffs incorporates all prior allegations as if set forth fully herein.

50. Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

51. James Chatien was incarcerated in the Clark County Detention Center and was unable to ensure his own safety or call for help.

52. The Defendants and officers were operating within the scope of their duties when they placed James Chatien in a life-threatening situation and failed to respond when called for help.

53. While James Chatien was in the custodial care of the Clark County Detention Center, the department had a duty to exercise reasonable care for his life and safety while he was in custody.

54. The agents of the Defendants failed to monitor and respond to him after he was placed in this life-threatening situation. They failed to provide him with the assistance or care necessary to alleviate the danger he was in and ignored his calls for help, further endangering his life.

55. As a direct result of the Defendants negligence and the deliberate indifference of the Defendants, James Chatien lost his life, dying an agonizing death without receiving timely assistance.

56. Plaintiff was required to retain counsel and incur costs to prosecute this claim.

57. This cause of action arises under 42 USC 1983, wherein Plaintiffs seeks to redress a deprivation, under color of law, of his rights, privileges, immunities,

10

secured to him by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**THIRD CLAIM FOR RELIEF**

**(42 U.S.C. 1983 – Deprivation of Life and Liberty Without Due Process)**

58.   Plaintiffs incorporate by reference and realleges each allegation made in all the paragraphs of this complaint as if fully alleged in this claim.

59.   As alleged above, Defendants abandoned Chatien and ignored his calls for help.

60.   Upon information and belief, during this entire period, James Chatien was or reasonably should have been visible to and observed by other inmates and guards at the prison.

61.   By the acts and omissions described herein, including but not limited to allowing James Chatien to be killed by another dangerous inmate, and failing to immediately respond to calls for help, the Defendants deprived James Chatien of his life without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

**FOURTH CLAIM FOR RELIEF**

**(42 U.S.C. 1983 – Deprivation of Basic Necessities of Life, Safety, and Physical Protection)**

62.   Plaintiffs incorporates by reference and realleges each allegation made in all paragraphs of this complaint as if fully alleged in this claim

63.    In addition to failing to respond to James Chatien's serious need for medical care and treatment, Defendants were deliberately indifferent to his health and safety by knowingly placing him in custody with an inmate who presented a danger to Chatien's life and bodily safety.

64.    That Defendants, once alerted to the need for immediate help, first turned off the cell light, then ignored it, until Chatien was deceased.

65.    As a result, all Defendants, their employees, and agents subjected James Chatien to unnecessary and wanton infliction of pain and physical injury, violating his rights under the Eighth Amendment.

66.    The deliberate indifference and failure to provide minimal and adequate medical care and physical safety by the Defendants subjected Mr. Chatien to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

67.    As a direct and proximate result of the Defendants' deliberate indifference, Mr. Chatien suffered severe pain and an agonizing death.

68.    As a direct and proximate result of the Defendants' acts, omissions, and deliberate indifference toward Mr. Chatien, Defendants are liable in an amount to be determined at trial

69.    Plaintiff was required to retain counsel and incur costs to prosecute this claim.

70.    This cause of action arises under 42 USC 1983, wherein Plaintiffs seeks to redress a deprivation, under color of law, of his rights, privileges, immunities,

secured to him by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (42 U.S.C. 1983 – Negligent Training, Supervision, and Retention)

71. Plaintiffs incorporates by reference and realleges each allegation made in all paragraphs of this complaint as if fully alleged in this claim.

72. The Defendant Entities in their respective role as an employer and supervisor of personnel, had a duty to ensure that its employees conducted themselves in a manner that was not adverse, inimical, or damaging to the safety and welfare of the inmates with whom they came into contact.

73. By putting James Chatien in a life-threatening situation and thereafter intentionally ignoring his need for immediate help to avoid being murdered, Defendants, and each of them, breached that duty to Mr. Chatien , thereby proximately and actually causing the damages described herein.

74. The Defendant Entities failed to adequately train and supervise its employees to avoid constitutional violations such as those suffered by Mr. Chatien.

75. As a direct and proximate result of the Defendants' acts and omissions toward James Chatien, the Defendants are liable in an amount to be determined at trial.

76. The Plaintiffs was required to retain counsel and incur costs to prosecute this matter.

77. As a direct and proximate result of the Defendants' acts, omissions, and deliberate indifference toward Mr. Chatien, Defendants are liable in an amount to be determined at trial.

78. Plaintiff was required to retain counsel and incur costs to prosecute this claim.

## SIXTH CLAIM FOR RELIEF

### (Infliction of Emotional Distress)

79. Plaintiff incorporates all prior allegations as if set forth fully herein.

80. That the events and conduct described herein constitutes extreme and outrageous conduct by all defendants.

81. The defendants intended to cause, or acted with reckless disregard of causing, emotional distress.

82. As a proximate result of such conduct, Plaintiffs suffered severe or extreme emotional distress, causing damages to McIntyre and Chatien prior to his death.

83. That acting with malice and oppression, the Defendants acted to deliberately place Chatien in danger and fail to prevent his demise when notified of an emergency.

## SEVENTH CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983, 1988 – **Conspiracy to Violate Civil Rights**

84. Plaintiff incorporates all prior allegations as if set forth fully herein.

85.    This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiffs seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other, to violate Plaintiffs's civil rights afforded under the United States Constitution.

86.    Among other things, the Deputies acted in conspiracy and with the agreement, permission, ratification, and approval of their joint conduct to place James Chatien with a life-threatening inmate and intentionally not respond to requests for help from Mr. Chatien.

87.    That all Defendants, as to each other cause of action alleged herein, conspired and acted in concert together to commit each cause of action, or are liable under theories of liability specifically set forth herein, or else ratified that actions of the officer Defendants by taking further unlawful action against Plaintiffs.

88.    That as a result of this deprivation, Plaintiffs has suffered damages including physical pain suffering and loss of life.

**EIGHTH CLAIM FOR RELIEF**

Violation of Civil Rights 42 USC 1983, - **Unconstitutional Policy, Custom, and/or Procedures**

89.    Plaintiffs incorporates all prior allegations as if set forth fully herein.

90. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiffs seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other, to violate Plaintiffs' civil rights afforded under the United States Constitution.

91. Defendants' policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiffs' constitutional rights at issue in this case.

92. Plaintiff is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendants by and through its decision makers.

93. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiffs.

94. Plaintiff specifically alleges that Defendants' policy, custom, and/or practices, as described herein, were within the control of Defendants and within the feasibility of Defendants to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by James Chatien.

## STATEMENT OF DAMAGES

95.   Plaintiffs have suffered damages as a result of the actions set forth herein in excess of $5,000,000.00.

**WHEREFORE**, Plaintiffs prays for judgment as follows:

1.   For compensatory damages to Plaintiffs, including general and special damages;

2.   For punitive damages;

3.   For statutory damages;

4.   For prejudgment interest;

5.   For reasonable attorney's fees and costs;

6.   For any other relief which is just and proper;

7.   Where total monetary damages sought exceeds $5,000,000.00 as more fully set forth herein, in an amount to be determined at the time of trial.

DATED this 18th day of October, 2024

**/s/ Michael Mee, Esq.**
**MICHAEL MEE, ESQ**
Nevada Bar #13726
400 S. 4th Street #500
Las Vegas NV 89101

17