UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINA MCINTYRE,<br><br>  Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>  Defendants | Case No.: 2:24-cv-01953-APG-EJY<br><br>**Order Granting LVMPD's Motion to Dismiss**<br><br>[ECF No. 11] |

Regina McIntyre sues the Las Vegas Metropolitan Police Department (LVMPD), State of Nevada, Clark County Sheriff's Office, Clark County Detention Center (CCDC), and Doe defendants for civil rights violations stemming from her son's death at CCDC. LVMPD moves to dismiss, arguing that McIntyre has not established standing, many of her claims are duplicative, and several claims fail to plausibly allege a claim upon which relief may be granted. McIntyre responds that she has adequately pleaded her claims, or that she should be given leave to amend her complaint to cure any deficiencies.

I grant LVMPD's motion to dismiss because McIntyre has not established standing to sue and several of her claims are deficiently pleaded. I grant her leave to amend her complaint to address the issues identified in this order.

**I. BACKGROUND[1]**

McIntyre's son, James Chatien, was housed in CCDC while charges were pending against him in Las Vegas Justice Court. On October 18, 2022, Chatien was housed in a cell with another inmate named Lee Johnson. On that day, Chatien and Johnson's cell light was activated,

---
[1] All facts are taken from the complaint. ECF No. 1.

indicating an immediate need for help. No officer checked the cell, and a corrections officer deactivated the light two minutes after it was activated. The light was activated again. Eleven minutes after the second activation, an officer arrived in the cell and called for help because he or she could not see Chatien. When officers entered the cell, they discovered Chatien with blood around his head and determined that Johnson had beaten Chatien to death.

Approximately 11 days before this incident, Johnson had fought with several officers while being arrested for a pedestrian violation. In 2017, Johnson was accused of beating another inmate inside the jail's booking area. McIntyre alleges that the defendants knew about Johnson's prior acts and made the conscious decision to house Chatien with Johnson knowing the risk of danger.

## II. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Clark County Detention Center is not a proper party.

CCDC is a building and not a legal entity subject to suit. *See, e.g.*, *Weible v. Provost*, No. 2:22-cv-00812-GMN-EJY, 2022 WL 16578694, at *4 (D. Nev. Sept. 27, 2022); *Davis v. Clark Cnty. Det. Ctr.*, No. 2:09-cv-02196-RCJ-LRL, 2010 WL 3070431, at *3 (D. Nev. Aug. 4, 2010). Accordingly, I dismiss CCDC with prejudice because it is not a proper party.

### B. McIntyre has not established standing to bring this lawsuit.

LVMPD argues that McIntyre has not plausibly alleged standing in this lawsuit. McIntyre responds that she is Chatien's only living heir and can therefore bring claims on his behalf, although she acknowledges "this was perhaps ambiguous in the Complaint." ECF No. 15 at 5.

Federal courts look to state survivorship statutes to determine standing for a civil rights claim under 42 U.S.C. § 1983. *See Robertson v. Wegmann*, 436 U.S. 584, 593 (1978). McIntyre bears the burden of demonstrating that Nevada law authorizes a survival action and that she meets Nevada's requirements for bringing such an action. *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998). Nevada Revised Statute (NRS) § 41.100 states "no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." Nevada also has a statutory cause of action for wrongful death that may be brought by a decedent's heirs and personal representatives. Nev. Rev. Stat. § 41.085; *El Jen Med. Hosp., Inc. v. Tyler*, 535 P.3d 660, 666 (Nev. 2023). This statutory scheme creates separate claims with separate categories of damages for the decedent's heirs and for the personal representative, "with neither being able to pursue the other's separate claim." *El Jen Med. Hosp., Inc.*, 535 P.3d at 666 (quotation omitted).

McIntyre's complaint asserts that she sues in her individual capacity, and on behalf of the estate of James Chatien. ECF No. 1 at 1. The complaint alleges "McIntyre is the mother of James Chatien," and "McIntyre is a survivor of her son." *Id.* at 6-7. McIntyre does not assert that she is the administratrix or executrix of Chatien's estate, although she purports to sue on its behalf. And she does not expressly state in the complaint that she is Chatien's heir as described in NRS § 41.085(1), which defines "heir" to mean "a person who, under the laws of this State, would be entitled to succeed to the separate property of the decedent if the decedent had died intestate." Finally, it is not clear which claims are brought in McIntyre's individual capacity as heir or in a representative capacity for Chatien's estate.

Because McIntyre's basis for standing is not clear on the face of the complaint, I dismiss her claims without prejudice. I grant her leave to amend to correct this deficiency if she is able to do so. If McIntyre amends, she is advised to make clear which claims she brings individually as Chatien's heir and which she brings on behalf of his estate. Because I grant McIntyre leave to amend, I will also address LVMPD's other arguments.

**C. Some of McIntyre's first four claims are duplicative.**

LVMPD argues that McIntyre's first four claims are essentially the same claim for a Fourteenth Amendment due process violation under § 1983. McIntyre responds that each claim is a separate constitutional violation or seeks separate damages.

McIntyre's first claim alleges that the defendants subjected Chatien to cruel and unusual punishment by being deliberately indifferent to his safety in violation of the Eighth Amendment. But the complaint alleges that Chatien "was accused of a crime" resulting in his placement at CCDC. ECF No. 1 at 6. Claims brought by pretrial detainees "are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." *Norbert v. City and*

*Cnty. of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021) (quotation omitted).  This standard is less restrictive than cruel and unusual punishment "because the Fourteenth Amendment prohibits all punishment of pretrial detainees." *Id.* (simplified).  McIntyre's third claim is for "Deprivation of Life and Liberty Without Due Process." ECF No. 1 at 11.  Although these claims both arise under the Fourteenth Amendment's Due Process Clause, they describe two different occurrences: when LVMPD placed Chatien in the cell with Johnson while allegedly knowing Johnson's violent tendencies, and when LVMPD did not respond to Chatien's calls for help.  These two claims are therefore not duplicative.

McIntyre's second claim is for "Wrongful Death" but specifies that it arises under 42 U.S.C. § 1983. *Id.* at 10.  It also alleges that Chatien was deprived of his rights under the "First, Fourth, Fifth, Eighth, and Fourteenth Amendments." *Id.* at 9-11.  This claim relies on similar facts to McIntyre's first and third claims under the Due Process Clause.  To the extent it relies on Chatien's Eighth or Fourteenth Amendment rights, it is duplicative of those other claims.  There does not appear to be a factual or legal basis to assert this claim under the First, Fourth, or Fifth Amendments.  If McIntyre chooses to amend, she is advised to clarify which constitutional right LVMPD violated, or to clarify if she brings this claim under Nevada's wrongful death statute.

McIntyre's fourth claim is for "Deprivation of Basic Necessities of Life, Safety, and Physical Protection." *Id.* at 11.  She repeats her allegation that Chatien was denied rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.  As with McIntyre's first claim, this claim is more properly brought under the Fourteenth Amendment's Due Process Clause, and whether brought under the Eighth or Fourteenth Amendments, it is duplicative of her first claim.  If McIntyre chooses to amend her complaint, she is advised to clarify if this claim arises under separate facts or law from her other claims.

**D. McIntyre cannot establish a section 1983 claim based on negligence.**

LVMPD argues that McIntyre's fifth claim should be dismissed because it alleges a § 1983 claim based on negligence, which fails as a matter of law. McIntyre responds that she plausibly alleges that LVMPD was not merely negligent but deliberately indifferent.

Municipalities and local government entities may be sued under § 1983 for constitutional deprivations caused by policy or custom. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). But a government entity is responsible only for its own illegal acts, and it is not vicariously liable for its employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* at 61. "To prevail on a failure-to-train theory, a plaintiff must demonstrate that a municipality's failure to train amounts to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Perez v. City of Fresno*, 98 F.4th 919, 931 (9th Cir. 2024) (simplified). Deliberate indifference is a high standard, and training that is merely negligent is insufficient. *Id.*

McIntyre's fifth claim for negligent training, supervision, and retention is directed against the "Defendant Entities" and therefore must meet the deliberate indifference standard. *See* ECF No. 1 at 13. McIntyre alleges that LVMPD had a duty to ensure its employees "conducted themselves in a manner that was not adverse, inimical, or damaging to the safety and welfare of the inmates" at CCDC. *Id.* McIntyre further alleges that LVMPD breached that duty by placing Chatien in the cell with Johnson and ignoring his need for help. Although McIntyre uses the words "deliberate indifference," the complaint alleges traditional duty and breach elements without explaining how the failure to train amounted to deliberate indifference. Further, a

6

pattern of similar constitutional violations rather than a single incident is necessary to show deliberate indifference unless "the unconstitutional consequences of failing to train are patently obvious." *Perez*, 98 F.4th at 931.

Because McIntyre's failure to train claim fails to plausibly allege a policy or custom of constitutionally deficient training, I grant LVMPD's motion to dismiss that claim. Because it is not clear that additional facts would be unable to cure these deficiencies, I grant McIntyre leave to amend. If McIntyre chooses to amend, she advised that she cannot maintain a § 1983 claim against the entity defendants based on a negligence theory.

### E. McIntyre has not plausibly alleged a *Monell* claim.

LVMPD argues that McIntyre has not plausibly alleged sufficient facts to support municipal liability under *Monell*. McIntyre responds that she has adequately pleaded her claim and that the defendants possess the specific details of their policies, requiring discovery.

To establish *Monell* liability, McIntyre must plausibly allege that (1) Chatien "was deprived of a constitutional right; (2) [LVMPD] had a policy; (3) the policy amounted to deliberate indifference to [Chatien's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. City of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). "Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Generally, "a single instance of unlawful conduct is insufficient to state a claim for municipal liability under section 1983." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

McIntyre has not plausibly alleged facts to show an unconstitutional policy or custom. Her eighth claim is mostly a formulaic recitation of the elements of *Monell* liability and lacks

7

nonconclusory facts showing that a custom or practice exists beyond this single incident or that Chatien's constitutional violation was a result of that custom or practice. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming dismissal of a *Monell* action based on formulaic assertions similar to those in McIntyre's complaint). Because McIntyre has not plausibly alleged facts to support a *Monell* claim, I grant LVMPD's motion to dismiss her eighth claim, but I also grant McIntyre leave to amend.

### F. I dismiss McIntyre's conspiracy claim because she did not respond to LVMPD's motion.

LVMPD argues that McIntyre's § 1983 conspiracy claims cannot succeed because they allege a conspiracy among members of the same organization. McIntyre does not respond to this argument, so I consider the issue waived under Local Rule 7-2(d). ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Accordingly, I grant LVMPD's motion as to McIntyre's conspiracy claim. If McIntyre chooses to amend her complaint, she is advised to consider LVMPD's arguments when drafting her amended complaint.

## III. CONCLUSION

I THEREFORE ORDER that defendant Las Vegas Metropolitan Police Department's motion to dismiss **(ECF No. 11) is GRANTED**.

I FURTHER ORDER that plaintiff Regina McIntyre may amend her complaint by September 19, 2025. If she does not file an amended complaint by that date, I will close this case.

DATED this 19th day of August, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE