**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REGINA MCINTYRE,<br><br>    Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants | Case No.: 2:24-cv-01953-APG-EJY<br><br>**Order Granting, in Part, LVMPD's Partial Motion to Dismiss the First Amended Complaint**<br><br>[ECF No. 32] |

Regina McIntyre filed a first amended complaint (FAC) asserting claims against the Las Vegas Metropolitan Police Department (LVMPD), State of Nevada, Clark County Sheriff's Office, Clark County Detention Center (CCDC), and Doe defendants for civil rights violations stemming from her son's death at CCDC. ECF No. 31. LVMPD moves to dismiss the FAC's third claim for relief because it improperly asserts negligence as a basis for a claim under 42 U.S.C. § 1983. ECF No. 32 at 4-6. LVMPD also moves to dismiss the fifth claim for relief because it is duplicative of the first claim. *Id.* at 7-8. I deny LVMPD's motion as to the third claim because it asserts that the defendants were deliberately indifferent, not merely negligent. I dismiss McIntyre's first claim because, as she now characterizes it, it fails to properly plead a § 1983 claim.

**A. McIntyre's third claim is properly grounded in deliberate indifference.**

McIntyre's third claim for relief is titled "42 U.S.C. § 1983 – Negligent Training, Supervision, and Retention." ECF No. 31 at 9. Despite this title, the substantive paragraphs do not mention negligence. Rather, McIntyre alleges the "Defendants were deliberately indifferent to the rights and safety of detainees, including" McIntyre's son. *Id.* The claim clearly alleges

that the defendants' deliberate indifference was the "direct and proximate" cause of the damages McIntyre seeks to recover. *Id.* at 10.  Thus, McIntyre is not basing this § 1983 claim on a theory of negligence.  So I deny LVMPD's motion to dismiss the third claim for relief.

### B.  McIntyre's first claim is defective.

LVMPD also argues in its motion that McIntyre's fifth claim for relief ("42 U.S.C. § 1983 – Unconstitutional Policy, Custom, and/or Procedures") is duplicative of her first claim ("42 U.S.C. § 1983 – Fourteenth Amendment Due Process; Deliberate Indifference to Safety and Life, Survival Claim by Estate"). ECF No. 31 at 6, 11.  LVMPD contends that the "Fifth Claim adds nothing that cannot be asserted within the First Claim's *Monell*-based theory and should be dismissed as redundant or, at a minimum, consolidated within it." ECF No. 32 at 7.  McIntyre responds that her first claim for relief is not a *Monell* claim.  Rather, she argues her "First Claim alleges the underlying constitutional violation, deliberate indifference to safety and life under the Fourteenth Amendment, while the Fifth Claim separately addresses municipal liability for the policies, customs, and practices that caused that violation." ECF No. 37 at 5.  Thus, she contends, each claim requires different facts to prove it, meaning the "two claims are complementary but not duplicative." *Id*.  But her argument is belied by the fact that her first claim alleges that the "acts and omissions complained of herein were carried out pursuant to customs, practices, or policies of the Defendant entities . . . ." ECF No. 31 at 7.  So she seems to be basing her first claim on the same customs or practices as her fifth claim.

Moreover, by now characterizing her first claim as divorced from the defendants' policies and customs, McIntyre has written herself out of that claim under § 1983.  Municipalities and local governments may be sued under § 1983 only where the wrongful act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."). If, as McIntyre argues in her response, her first claim is not based on the defendants' policies or customs, and thus is not a *Monell* claim, it cannot stand as a § 1983 claim against LVMPD. Thus, I dismiss McIntyre's first claim for relief but grant her leave to file a second amended complaint if she can properly plead a claim as she now characterizes it.

In its reply brief, LVMPD argues for the first time that McIntyre's third claim is likewise duplicative of the fifth claim. ECF No. 40 at 3-4. LVMPD may be correct. McIntyre's third claim alleges that the "Defendants' deliberate indifference in failing to train, supervise, and retain personnel under these circumstances amounted to an official policy, practice, or custom that was the moving force behind the constitutional violations and injuries suffered by" McIntyre's son. ECF No. 31 at 10. These allegations are very similar to the fifth claim, which is based on the defendants' policies, practices, and customs. But because LVMPD raised this argument for the first time in its reply brief, I will not consider it. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (A "district court need not consider arguments raised for the first time in a reply brief."). However, if McIntyre decides to file a second amended complaint, she should consider the arguments raised in LVMPD's reply brief to potentially avoid another motion to dismiss.

I THEREFORE ORDER that defendant Las Vegas Metropolitan Police Department's motion to dismiss **(ECF No. 32) is granted in part.** I dismiss McIntyre's first claim for relief. I deny the remainder of the motion to dismiss.

I FURTHER ORDER that plaintiff Regina McIntyre may file a second amended complaint by April 30, 2026.

DATED this 3rd day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4