**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REGINA MCINTYRE,

Plaintiff

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

Defendants

Case No.: 2:24-cv-01953-APG-EJY

**Order Granting LVMPD's Motion for Summary Judgment**

[ECF No. 46]

James Chatien was in custody at the Clark County Detention Center (CCDC) when he was killed by his cellmate Lee Johnson. Chatien's mother, Regina McIntyre, brought this suit against several defendants asserting claims stemming from her son's death. ECF No. 31. I dismissed her first claim for relief but allowed her other claims to proceed. ECF No. 45. The Las Vegas Metropolitan Police Department (LVMPD), which runs the CCDC, now moves for summary judgment on the remaining claims. ECF No. 46.[1] McIntyre has not opposed that motion despite being given additional time to do so. Because McIntyre has not and cannot offer any facts in support of her claims and the motion is supported by good cause, I grant it.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

[1] LVMPD is the only participating defendant. The City of Las Vegas was dismissed. ECF No. 20. McIntyre served the Clark County Detention Center, but that is a building, not an entity, and thus it cannot be sued. *Allen v. Clark Cnty. Det. Ctr.*, No. 2:10-cv-00857-RLH, 2011 WL 197201, at *4 (D. Nev. Jan. 20, 2011) ("CCDC, a building, is not subject to liability."). The State of Nevada rejected McIntyre's service attempt as improper. ECF No. 18-3 at 2. The Clark County Sheriff's Office (CCSO) was never served with process. McIntyre has never taken any steps to advance her claims against the State of Nevada and the CCSO so she has abandoned them.

56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017). However, when a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex*, 477 U.S. at 322.

LVMPD served on McIntyre several Requests for Admission (RFAs). McIntyre did not respond to them. Thus, each RFA is deeded admitted under Federal Rule of Civil Procedure 36(a)(3). "The effect of the admission is such that any matter admitted under this rule is conclusively established unless the court grants a motion to waive or amend." *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1111–12 (9th Cir. 2006) (quotation omitted). McIntyre has not moved to waive, amend, or withdraw the admissions despite being represented by counsel.

Based on McIntyre's admissions, the following facts are undisputed:

1. McIntyre is not the appointed personal representative of Chatien's estate. Nor has she obtained Letters of Administration or Letters Testamentary for Chatien's estate.
2. Johnson was psychologically evaluated before being moved to the same cell as Chatien.
3. Chatien was psychologically evaluated before Johnson was moved into his cell.
4. LVMPD Corrections Officers S. Elder and D. Erickson were monitoring the module that housed Chatien and Johnson on the day of the murder.
5. CCDC policy required officers to do cell checks in Chatien's module every 30 minutes.
6. Elder and Erickson performed cell checks on Chatien's cell every 30 minutes in accordance with CCDC policy.
7. Elder and Erickson did not see Johnson attack and kill Chatien.
8. Elder and Erickson did not have any information that Johnson would attack and kill Chatien.

*See* ECF No. 46-11 at 5-8.

**A. McIntyre has not established her standing to bring her claims.**

Federal courts look to state survivorship statutes to determine standing for a civil rights claim under 42 U.S.C. § 1983. *See Robertson v. Wegmann*, 436 U.S. 584, 593 (1978). Nevada Revised Statute (NRS) § 41.100 states "no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." Nevada also has a statutory cause of action for wrongful death that may be brought by a decedent's heirs and personal representatives. Nev. Rev. Stat. § 41.085; *El Jen Med. Hosp. v. Tyler*, 535 P.3d 660, 666 (Nev. 2023). This statutory scheme creates separate claims with separate categories of

damages for the decedent's heirs and for the personal representative, "with neither being able to pursue the other's separate claim." *El Jen Med. Hosp., Inc.*, 535 P.3d at 666 (quotation omitted).

McIntyre asserts that she is bringing her claims in two capacities:

> Individually, as the natural mother and statutory heir of James Chatien, pursuant to Nevada Revised Statute ("NRS") § 41.085, seeking damages for the wrongful death of her son; and . . .
>
> In a representative capacity, on behalf of the Estate of James Chatien, pursuant to NRS § 41.100, as the duly appointed personal representative of the Estate, seeking survival damages belonging to the Estate.

ECF No. 31 at 2. But McIntyre admits she is not the appointed personal representative of Chatien's estate and has not obtained Letters of Administration or Letters Testamentary for Chatien's estate. Therefore, she has not proven her standing as the personal representative of the estate.

Nor has McIntyre offered any evidence that she is Chatien's mother or statutory heir. Her First Amended Complaint is not verified and thus cannot constitute evidence of those allegations. *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (holding that an unverified complaint cannot be considered evidence at the summary judgment stage). Moreover, a mother is not automatically an heir to a decedent under Nevada law, as the Nevada statutes provide for succession by a surviving spouse and children before parents. Nev. Rev. Stat. § 134.030, *et seq*.

McIntyre has not satisfied her burden of demonstrating that Nevada law authorizes her to bring these claims, either individually or as the representative of Chatien's estate. *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998). Because she has not proven her standing to bring her claims, LVMPD is entitled to summary judgment on all of them.

/ / / /

/ / / /

**B. Even if McIntyre could prove standing, she cannot prevail on the merits of her claims.**

1. Claim 2: wrongful death

I previously dismissed McIntyre's first claim for relief. ECF No. 45. Her second claim alleges wrongful death under NRS § 41.085. "Under Nevada's wrongful death statute, a wrongful death claim must be based on some negligence or other wrongful act that causes the death of the decedent." *Schulze v. Douglas Cnty.*, No. 3:23-cv-567-ART-CLB, 2026 WL 867866, at *6 (D. Nev. Mar. 30, 2026) (citations omitted). The elements of a negligence claim are: "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Doud v. Las Vegas Hilton Corp.*, 864 P.2d 796, 798 (Nev. 1993). In the prison context, "beyond the general duty to exercise ordinary care to prevent inmate violence, prison officials have a specific duty to protect inmates only when they actually know of or have reason to anticipate a specific impending attack." *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1064 (Nev. 2007) (en banc).

LVMPD offers evidence that Johnson had been monitored for at least 10 days before the murder and had been medically stabilized before being moved into Chatien's cell. ECF No. 46-2 at 16-18. McIntyre admits that both Johnson and Chatien were psychologically evaluated before being placed into the same cell. She further admits that LVMPD officers Elder and Erickson had no information that Johnson would attack Chatien. Thus, she cannot prove that LVMPD actually knew or had reason to anticipate that Johnson would kill Chatien. Because McIntyre cannot satisfy the duty element of this claim, LVMPD is entitled to judgment on it.

/ / / /

2. <u>Claims three and five: 42 U.S.C. § 1983.</u>

McIntyre's third and fifth claims allege liability under 42 U.S.C. § 1983. The third claim alleges LVMPD engaged in constitutionally inadequate training, supervision, and retention of its officers. ECF No. 31 at 9. To prevail on this claim, McIntyre must prove that (1) LVMPD had an inadequate training program, (2) LVMPD was deliberately indifferent in training its officers, and (3) the inadequate training must have "actually caused" a deprivation of constitutional rights. *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (quotation omitted).

LVMPD offers sufficient evidence that its training, supervision, and retention are constitutionally adequate. *See* ECF No. 46-11 at 8-9; 46-13 at 11-16. McIntyre offers nothing to rebut this. She has not produced any evidence of deficiencies in LVMPD's training, supervision, or retention policies or practices. Nor has she shown any prior incident indicating that a failure of training or supervision by LVMPD resulted in other similar incidents of inmate-on-inmate attacks when housed together or of delayed responses by correctional officers resulting in avoidable physical attacks among cellmates. McIntyre has not met her burden of demonstrating she has a viable claim or that there is a genuine issue of material fact regarding LVMPD's training, supervision, and retention. LVMPD is entitled to judgment on McIntyre's third claim for relief.

Similarly, LVMPD is entitled to judgment on McIntyre's fifth claim for relief, which alleges LVMPD maintains unconstitutional policies on "housing violent or psychotic inmates with other detainees without adequate screening, classification, or supervision, despite knowledge of the obvious risks," and "permitting officers to deactivate emergency call lights without verifying inmate safety . . . ." ECF No. 31 at 11-12. LVMPD offers an Internal Affairs investigative report, its policies on housing and checking on inmates, and an expert report

confirming that LVMPD's policies meet or exceed national standards. ECF Nos. 46-5; 46-12; 46-15; 46-9; 46-13. McIntyre offers nothing to rebut this evidence or create a genuine issue of material fact. Nor has she shown any evidence of a persistent and widespread unconstitutional practice similar to what Chatien suffered. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141-42 (9th Cir. 2020) ("Alternatively, if the policy is not obviously, facially deficient, a plaintiff must ordinarily point to a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (*modified on other grounds by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)) ("Absent a formal governmental policy, [the plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure [that is] so persistent and widespread that it constitutes a permanent and well settled city policy." (simplified)). Thus, LVMPD is entitled to judgment on McIntyre's fifth claim for relief.

3. <u>Claim four: intentional infliction of emotional distress</u>

McIntyre's fourth claim for relief asserts that LVMPD intentionally inflicted emotion distress upon her.

> To recover for the intentional infliction of emotional distress, a plaintiff must establish the following elements: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress.

*Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983). Because McIntyre is seeking to recover as a third party to the allegedly outrageous act (Chatien's murder), she must prove that LVMPD's "conduct was not only outrageous but unquestionably violent and shocking." *Id.*

(citations omitted).[2] "The less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress." *Id*. LVMPD's evidence shows that its conduct was neither extreme nor outrageous. McIntyre admits that both Johnson and Chatien were psychologically evaluated before being housed together. ECF No. 46-11 at 7. The officers were monitoring Chatien's unit, checking on him every 30 minutes, and did not see the attack. *Id*. at 6. McIntyre offers no evidence to rebut this, to demonstrate how LVMPD's actions were extreme or outrageous, to show she suffered some physical injury or illness, or to create a genuine issue of material fact. LVMPD is entitled to judgment on this claim.

### C. Conclusion

McIntyre has not proven she has standing to maintain her claims. Even if she had standing, she cannot prevail on the merits of any of her claims. LVMPD is therefore entitled to summary judgment. And because McIntyre has abandoned her claims against the State of Nevada and Clark County Sheriff's Office, they are entitled to judgment as well.

I THEREFORE ORDER that the Las Vegas Metropolitan Police Department's motion for summary judgment **(ECF No. 46) is granted.** I direct the Clerk of Court to enter judgment in favor of Las Vegas Metropolitan Police Department, the State of Nevada, and the Clark

/ / / /

/ / / /

---

[2] I assume for purposes of this order that McIntyre could qualify as a "third party" to assert this claim even though she did not witness the underlying events. *Cf. Nelson*, 665 P.2d at 1145 ("Recovery by a third party *witness* to the outrageous act is allowed if the third party is a close relative of the person against whom the outrage is directed.") (emphasis added).

County Sheriff's Office, and against Regina McIntyre on all counts. I further direct the Clerk of Court to close this case.

DATED this 5th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE